UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

Civil Action No. 05-91 DLB

ERIC LLOYD HERMANSEN,                                            PETITIONER,

                                  MAGISTRATE JUDGE'S
V.                                REPORT AND RECOMMENDATION

GLENN HABERLIN, Warden,                                    RESPONDENT.

\*\*\* \*\*\* \*\*\* \*\*\* \*\*\* \*\*\* \*\*\* \*\*\*

The Petitioner, Eric Lloyd Hermansen (Hermansen), filed a motion seeking review of two prior rulings by the District Court pursuant to Federal Rule of Civil Procedure Rule 60(b). [R. 53]. Consistent with local practice, this matter has been referred to the undersigned for preparation of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated below, it will be recommended that the motion for reconsideration be denied.

FACTUAL AND PROCEDURAL HISTORY

On May 21, 1997 Hermanson was convicted of one count of murder and two counts of wanton endangerment. [R.13]. He was subsequently sentenced to life in the state penitentiary on the murder count and to a term of five years imprisonment on each wanton endangerment count. [Id.]. The Kentucky Supreme Court reversed the wanton endangerment convictions because the prosecution did not present sufficient evidence to establish that venue was proper. [R. 51 at 1]. On December 15, 1998, Hermanson filed a *pro se* motion to vacate the judgment of conviction pursuant to Kentucky Rule of Civil Procedure 60.02(f). [R. 28 at 4]. Hermanson also filed a *pro se* motion to vacate pursuant to Kentucky Rule of Criminal Procedure 11.42. [Id.]. The trial court combined the two motions, and denied Hermansen's motions to vacate. [Id.]. The Kentucky Court of Appeals affirmed, and the Supreme Court of Kentucky denied discretionary

review. [Id.].

In January of 1999 Hermansen filed a petition for another writ of habeas corpus in Morgan County Circuit Court, which was ultimately denied. [Id. at 5]. The Kentucky Court of Appeals affirmed the trial court's decision, and the Supreme Court of Kentucky declined to exercise discretionary review. [Id.]. As a result, on May 13, 2005 Hermansen filed a 28 U.S.C. § 2254 petition for writ of habeas corpus in which he attacked his conviction on twenty-three separate grounds. [R. 1]. The magistrate judge recommended that the District Court deny the petition because Hermansen's claims lacked merit, were procedurally defaulted, or were not properly preserved for habeas review. [R. at 28]. The District Court adopted the report and recommendation, and denied the petition. [R. at 32]. Hermansen then appealed the denial of habeas relief to the Sixth Circuit Court of Appeals based upon four separate grounds, and was granted a certificate of appealability regarding a violation of Brady v. Maryland, 373 U.S. 83 (1963). [R. 43 at 2]. However, the Sixth Circuit Court of Appeals ultimately affirmed the district court's decision. [R. 51 at 2].

Hermansen seeks this relief under Fed. R. Civ. Pro. 60(b) alleging that the District Court was in error based on the following determinations regarding his original 28 U.S.C. § 2254 petition: (1) Ground 22 was procedurally defaulted for failure to exhaust state remedies; and (2) Ground 23 failed because it was not properly preserved for appeal. [Id.].

## STANDARD OF REVIEW

Under Federal Rules of Civil Procedure 60(b), the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

2

    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

    (4) the judgment is void;

    (5) the judgment has been satisfied, released, or discharged; it is based on earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

    (6) any other reason that justifies relief.

Fed. R. Civ. Pro. 60(b). However, a Rule 60(b) motion may in reality be a second or successive habeas petition when it seeks "vindication of" or "advances" one or more "claims." Gonzalez v. Crosby, 545 U.S. 524, 532 (2005); 28 U.S.C. § 2254. This is not the case when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings. Id. "On the merits" refers to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. § 2254, and a motion does not attack a determination "on the merits" when the motion merely asserts that a previous ruling which precluded a merits determination was in error for example a denial for such reasons as failure to exhaust, procedural default, or statute of limitations bar. Id.; Post v. Bradshaw, 422 F.3d 419, 424 (6th Cir. 2005) *cert. denied*, 547 U.S. 1042 (2006).

## ANALYSIS

    Hermansen now brings this motion under Rule 60(b) for reconsideration of the District Court's denial of two claims for habeas relief based upon alleged procedural errors. He states: "The Court's procedural disposition of Grounds 22 and 23 are [sic] in error and cannot be

3

reconciled with Sixth Circuit law, requiring the Court to vacate its March 26, 2009 Order and Judgment to correct these errors as a matter of law, 28 U.S.C. § 2243." [R. 53, p. 3]. The Court's rulings denied relief, not following a full review on the merits of his claims, but based upon findings of failure to exhaust and procedural default. Given that Hermansen is attacking the District Court's decision based upon alleged procedural error, and not upon the merits of his claims, he may bring this motion under Rule 60(b). Gonzalez, 545 U.S. at 532; See also Bradshaw, 422 F.3d at 424.

### I. GROUND 22 OF HERMANSEN'S ORIGINAL 28 U.S.C. § 2254

Hermansen first asks this Court to reconsider its ruling finding that Ground 22 of his original 28 U.S.C. §2254 petition was barred as a result of his failure to exhaust. Ground 22 read as follows:

> The Kentucky Court of Appeals decision in [02-CA-853-MR] called into question the Supreme Court's opinion on direct on the affirmative presence of EED which as a matter of law precluded the petitioner from being convicted of capital murder, presentation in fact that appellate counsel failed to assert this substantial issue on direct; which abdicated his 14th Amendment, U.S. Constitutional right to due process and equal protection of the law.

[R. 53 at 1]. The magistrate judge recommended and the District Court denied the motion due to procedural default, as Hermansen had not properly exhausted all state remedies. [R. 28].

Hermansen alleged that the evidence at trial established the presence of extreme emotional distress, thereby precluding his capital murder conviction. [R. 28 at 35]. Hermansen contends that the Kentucky Court of Appeals decision affirming the denial of his Ky. RCr. 11.42 motion called his conviction into question by holding that an extreme emotional disturbance defense had been established. [Id.]. But, Hermansen raised this claim for the first time in his

4

initial 28 U.S.C. § 2254 petition. [Id.]. A state prisoner challenging the constitutionality of his conviction by seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 must first exhaust his available state court remedies by presenting his claims to the state courts, so as to provide those courts with an opportunity to remedy any constitutional infirmities in the conviction. Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994); 28 U.S.C. § 2254(b). Because Hermansen failed to present this claim to the Kentucky courts, his claim was not properly exhausted. [Id.]. It was for this reason that the District Court adopted the recommendation of the magistrate judge and denied the motion based upon this ground. [R. 32].

Hermansen makes the argument that with regard to Ground 22 for relief he presented the matter to the only state court that had jurisdiction to resolve the issue, the Kentucky Supreme Court. [R. 53 at 4]. However, Hermansen does not present any new evidence that has not already been presented to this Court and merely reasserts the facts of his previous claim. This Court has already made the determination that this claim was raised for the first time in the original petition for habeas corpus and was thus procedurally defaulted. [R. 28 at 35]. Given that Hermansen failed to present mistake, fraud, new evidence, or any of the other basis for a 60(b) motion, this Court would recommend that the motion based upon this ground be denied.

## II. GROUND 23 OF HERMANSEN'S ORIGINAL 28 U.S.C. § 2254 PETITION

Hermansen next asks this Court to reconsider the District Court's ruling denying as procedurally defaulted Ground 23 of his original 28 U.S.C. § 2254 petition. Ground 23 read as follows:

> Coupled with the facts set forth in ground [22] appellate counsel rendered ineffective assistance of appellate counsel by her failure to assert these claims on direct: . . . 2) insufficiency of the evidence for the capital murder conviction, both of which are evident and can be affirmed from the

5

>face of the record; this denied and violated petitioner's 6th Amendment
>right and guarantee to effective assistance of appellate counsel, which
>effectuated the denial and abdication of his 5th and 14th Amendment rights
>to due process and equal protection of the law.

[R. 53 at 2]. The magistrate judge recommended and the District Court denied the motion due to a failure to preserve the claim for federal habeas review. [R. 28].

The first time Hermansen presented this claim was in his petition for rehearing on direct appeal. [R. 28 at 34]. The magistrate judge determined that presentation to be insufficient to preserve a claim for federal habeas corpus review. [Id.] "Raising an issue in a petition for rehearing on appeal does not constitute exhaustion of state remedies." Alcorn v. Smith, 724 F.2d 37, 40 (6th Cir. 1983). The District Court adopted the recommendation of the magistrate judge, and denied relief on this ground. [R.32]. This issue was not raised in appeal to the Sixth Circuit Court of Appeals.

Hermansen alleges that the District Court was in error because it made the determination that he failed to properly preserve for appeal his claim given that he presented it for the first time on a petition for rehearing. [R. 53 at 2]. He argues that the Alcorn case on which the District Court relied has since been overruled by Rudolph v. Parke, 856 F.2d 738 (6th Cir. 1988). However, Hermansen misquotes the actual holding in that case. The actual wording of the case reads: "it is settled law in this circuit that a constitutional claim which is presented to the state courts, regardless of whether they address and dispose of it, will satisfy the exhaustion requirement." Rudolph, 856 F.2d at 739. But, in his petition Hermansen quotes the case as saying: "constitutional claims which are presented to state courts *on petition for rehearing*, regardless of whether they address or dispose of them, will satisfy the exhaustion requirement for habeas petition." [R. 53 at 5; reportedly citing Rudolph, 856 F.2d at 739].

Hermansen's argument is based on his own misunderstanding of the law and not this Court's misapplication of the law. Given that Hermansen failed to present mistake, fraud, new evidence, or any of the other grounds for a 60(b) motion, this Court recommends that the motion based upon this ground be denied

CONCLUSION

For the reasons set forth above, it is recommended that the PETITIONER'S motion [R. 53] be DENIED.

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Report and Recommendation. Specific objections to this Report and Recommendation must be filed with in fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Thomas v. Arn, 728 F.2d 813, 815 (6th Cir. 1984). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995).

Signed June 12, 2012



Signed By:
*Edward B. Atkins* *EBA*
United States Magistrate Judge