UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 05-91-DLB

ERIC LLOYD HERMANSEN                                  PETITIONER

vs.            **ORDER ADOPTING REPORT & RECOMMENDATION**

GLENN HABERLIN, Warden                            RESPONDENT

\*\*\* \*\*\* \*\*\* \*\*\*

       This matter is before the Court on the Magistrate Judge's Recommended Adjudication (R&R) (Doc. # 64) of Petitioner's motion to reconsider (Doc. # 53) this Court's finding that two claims presented in his petition for a writ of habeas corpus are procedurally defaulted. The Magistrate Judge has recommended that Petitioner's motion be denied, and Petitioner has objected to that recommendation. (Doc. # 66). Respondent having filed no response to Petitioner's objections, and the time to do so having now expired, Petitioner's motion and objections are ripe for the Court's consideration.

       Petitioner originally filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state-court murder and wanton endangerment convictions. (Doc. # 1). The matter was referred to the Magistrate Judge for review and preparation of a Report and Recommendation. Upon review, the Magistrate Judge recommended that the petition be denied because the claims lacked merit, were procedurally defaulted, or were not properly preserved for habeas review. (Doc. # 28). After considering the R&R and Petitioner's objections, this Court adopted the R&R in full and denied the petition for

1

a writ of habeas corpus. (Doc. # 32). The Court also found there would be no arguable merit for an appeal, and therefore declined to issue a certificate of appealability. (*Id.*). Petitioner then filed a motion for a certificate of appealability with the Sixth Circuit Court of Appeals, seeking to appeal this Court's decision on four claims presented in his petition. The Sixth Circuit granted Petitioner's motion with respect to his claim that the prosecutor withheld exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), but denied Petitioner's motion as to the remaining three claims.

Petitioner has now filed a motion pursuant to Federal Rule of Civil Procedure 60(b) for the Court to reconsider a portion of its Order denying the habeas petition. Specifically, Petitioner asks the Court to reconsider its ruling on Claims 22 and 23 of the original petition. In Claim 22, Petitioner argued that the evidence at trial established the existence of extreme emotional disturbance precluding conviction of murder. The Court ruled that Claim 22 was procedurally defaulted because Petitioner failed to raise the issue at trial or on direct appeal. The Court also ruled that Petitioner failed to establish the requisite cause and prejudice, or actual innocence, to excuse the default. Moreover, as an alternative ruling, the Court held that Claim 22 was without merit. As to Claim 23, Petitioner argued that his appellate counsel performed ineffectively. The Court ruled that Petitioner failed to properly preserve the claim for habeas review because it was presented in the first instance in Petitioner's petition for rehearing on direct appeal. Petitioner asserts that the Court erred in each of these findings.

The Magistrate Judge recommends that the Court deny Petitioner's motion for reconsideration. As to Claim 22, the Magistrate Judge found that Petitioner has merely reiterated the arguments raised in his petition, and has otherwise failed to demonstrate any

2

mistake, fraud, new evidence, or other basis for changing this Court's prior ruling that the claim was procedurally defaulted. As to Claim 23, the Magistrate Judge opined that Petitioner has failed to demonstrate any change in the law that would justify reversing this Court's prior decision. Instead, according to the Magistrate Judge, Petitioner's argument that Claim 23 is not procedurally defaulted is premised on a faulty understanding of the law.

Petitioner now objects to the Magistrate Judge's recommended adjudication of his motion for reconsideration. Citing *Matthews v. Parker*, Petitioner argues that the Magistrate Judge erred in concluding that his ineffective assistance of appellate counsel ("IAAC") claim presented in Claim 23 is procedurally defaulted. 651 F.3d 489, 499 (6th Cir. 2011), *overruled on other grounds by Parker v. Matthews*, 132 S.Ct. 2148 (2012). In *Matthews*, the Sixth Circuit recognized that Kentucky law does not allow defendants to raise claims for ineffective assistance of appellate counsel on direct or collateral review. *Id.* As a result, the *Matthews* Court held that the "[p]etitioner's habeas petition was his first opportunity to raise his ineffective assistance of appellate counsel claim, and he did not procedurally default this claim by not previously raising it." *Id.* Relying on *Matthews*, Petitioner argues that the Court must reconsider its finding that Petitioner has defaulted his ineffective assistance of appellate counsel by failing to appropriately raise it in state court. Moreover, Petitioner appears to assert that his appellate counsel's deficient performance excuses his failure to properly raise his extreme emotional disturbance claim in state court. Having reviewed the record herein, the Court finds that the Sixth Circuit's decision in *Matthews v. Parker* does not entitle Petitioner to the requested relief.

Assuming, *arguendo*, the Petitioner's IAAC claim was properly raised for the first time in his habeas petition, the Sixth Circuit has already found that the claim nevertheless

lacks merit. After this Court found that Petitioner's IAAC claim was procedurally defaulted, Petitioner moved the Sixth Circuit for a certificate of appealability on the claim. The Sixth Circuit reviewed the evidence presented at trial, including eyewitness testimony that Petitioner shot the victim, and found that no reasonable jurists would debate that Petitioner's appellate counsel performed ineffectively by failing to argue there was insufficient evidence to support the murder conviction. (Doc. # 43). Therefore, the Sixth Circuit denied Petitioner's motion for a certificate of appealability on this claim. Because the Sixth Circuit has already held that Petitioner's IAAC claims is meritless, the Court finds no reason to reconsider its prior ruling.

Similarly, Petitioner has failed to show why this Court should reconsider its prior ruling that his extreme emotional disturbance claim is also defaulted. In his objections, Petitioner asserts that his appellate counsel's ineffective performance excuses his failure to properly raise the extreme emotional disturbance claim. However, this Court already considered that argument in denying Petitioner's original petition. After concluding that Petitioner failed to exhaust this claim, the Magistrate Judge considered whether the deficient performance of Petitioner's appellate counsel excuses the defaulted the claim. The Magistrate Judge recognized that ineffective assistance of counsel may supply cause to excuse a defaulted claim, but recommended that the Court find the performance of Petitioner's appellate counsel did not rise to the level of constitutionally ineffective assistance. The Court ultimately adopted the Magistrate Judge's recommendation. Although Petitioner continues to maintain that his appellate counsel's performance excuses his failure to properly raise his extreme emotional disturbance claim, Petitioner has not offered any new evidence or justification for the Court to reconsider its prior holding. As

a result, the Court finds no reason to reconsider its prior ruling that Petitioner's appellate counsel did not render constitutionally ineffective assistance which would serve as "cause" to excuse Petitioner's failure to raise his extreme emotional disturbance claim at the appropriate time.  Accordingly,

**IT IS ORDERED** as follows:

(1)    Petitioner's Objections (Doc. # 66) to the Report and Recommendation of the Magistrate Judge be, and they are hereby **overruled**;

(2)    The Magistrate Judge's Report and Recommendation (Doc. # 64) be, and is hereby **adopted in full** as the findings of fact and conclusions of law of the Court; and

(3)    Petitioner's Motion for Reconsideration (Doc. # 53) is hereby **denied**.

This 18th day of September, 2012.



Signed By:
David L. Bunning
United States District Judge

G:\DATA\ORDERS\Cov05\05-91 Order adopting R&R on petitioners mtn to reconsider.wpd